IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                    Plaintiff,<br><br>            v.<br><br>CRISTOBAL VALENCIA ,<br><br>                    Defendant. | CASE NO. 1:12-CR-00217-AWI<br><br>ORDER DENYING DEFENDANT'S MOTION TO REDUCE SENTENCE PURSUANT TO TITLE 18 U.S.C. § 3582(c)(2) |

      The defendant has filed a motion under 18 U.S.C. § 3582(c)(2), seeking a reduction in his sentence on the basis of Amendment 782 to the Sentencing Guidelines which revised the Drug Quantity Table in U.S.S.G. § 2D1.1 and reduced by two levels the offense level applicable to many drug trafficking offenses. The Government has opposed the motion on the basis that the defendant is not eligible for a reduction under U.S.S.G. § 1B1.10 because Amendment 782 does not operate to lower the guideline range for the quantity of methamphetamine attributed to the defendant. Doc. 36. The Government is correct. For that reason, the Court will deny the defendant's motion.

      Section 3582(c)(2) authorizes district courts to modify an imposed sentence "in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission." *United States v. Dunn*, 728 F.3d 1151, 1155 (9th Cir. 2013). Effective November 1, 2014, the Commission promulgated Amendment 782, which generally revised the Drug Quantity Table and chemical quantity tables across drug and chemical

1

types. The Commission also voted to make Amendment 782 retroactively applicable to previously sentenced defendants.

However, pursuant to U.S.S.G. Section 1B1.10 (a)(2)(B): "A reduction in the defendant's term of imprisonment is not consistent with this policy statement and therefore is not authorized under 18 U.S.C. § 3582(c)(2) if . . . an amendment listed in subsection (c) does not have the effect of lowering the defendant's applicable guideline range." U.S.S.G. § 1B1.10 (a)(2)(B). A district court's authority to modify a sentenced is constrained by the Sentencing Commission. *Dillon v. United States*, 560 U.S. 817, 825-826 (2010).

In this case, the sentencing court found a base offense level of 38 pursuant to USSG § 2D1.1, as the quantity of actual methamphetamine involved in the offense was in excess of 1.5 kilograms. *See* U.S.S.G. § 2D1.1(c)(1) (2012). The sentencing court applied a three level reduction for acceptance of responsibility and a two level safety valve reduction for a total offense level of 33. Based on that offense level and a criminal history category of I, the applicable guideline sentencing range was 135- 168 months. The sentencing court departed below that guideline range to impose a sentence of 121 months of imprisonment. Doc. 33 at 2.

Under the amended guidelines, a sentencing level of 38 applies where the amount of actual methamphetamine is 4.5 kilograms of more. U.S.S.G. § 2D1.1(c)(1) (2015). The factual basis for Defendant's plea makes clear that the offenses at issue involved more than 37 pounds, or roughly 17 kilograms, of methamphetamine. Doc. 22 at 8.[1] However, the evidence before the sentencing court proved that the offense involved 1.2915 kilograms of actual methamphetamine based on two transactions, involving compounds containing 98.1% pure methamphetamine. The Court found that an additional 17.6 gross kilograms of a then-untested substance containing methamphetamine was attributable to defendant. From that, the Court found, based on the similar transactions by the defendant, that the amount of actual methamphetamine involved exceeded 1.5 kilograms. *See* U.S.S.G. § 2D1.1, application note 5. The Court did not determine, because it was of no significance at the time, whether the drug quantity exceeded 4.5 kilograms. *See United States v. Mercado-Moreno*, 869 F.3d 942, 959, n.9

---

[1] The Government contends, and the Presentence Report and the sentencing court's findings support, that the factual basis for the plea agreement actually understated the drug quantity.

2

(9th Cir. 2017).

In this situation, the Ninth Circuit has confirmed that it is appropriate for the district court to determine the total drug quantity attributable to the defendant in order to determine his eligibility for a sentence reduction. *Mercado-Moreno*, 869 F.3d at 957-958. The Ninth Circuit further confirmed that in making such supplemental findings, a district court "approximate th[e] quantity based on circumstantial evidence, making sure to err on the side of caution, and hold the defendant accountable for the quantity that he is more likely than not actually responsible for." *Mercado-Moreno*, 869 F.3d at 958. The Ninth Circuit did not answer, however, whether a district court is permitted to "consider[] materials beyond those that were before the original sentencing court." *Mercado-Moreno*, 869 F.3d at 960.

Based on the methamphetamine attributable to defendant tested around the same timeframe, and measuring 98.1% pure actual methamphetamine, the Court can easily approximate the drug quantity attributable to defendant from the additional 17.6 kilograms of methamphetamine exceeds 4.5 kilograms of actual methamphetamine. Indeed, even if that compound was only 30% pure, the amount of actual methamphetamine would exceed the 4.5 kilogram amount. If the Court reviews the laboratory reports provided by the Government, which is not necessary to this Court's conclusion, it becomes even more apparent that the actual methamphetamine quantity exceeds 4.5 kilograms. *See* Doc. 36 at 6-10. Accordingly, defendant's offense level remains exactly what it was at the time of sentencing. The Ninth Circuit agrees that where application of the pertinent amendment does not result in a different sentencing range, no reduction of sentence may occur. *United States v. Leniear*, 574 F.3d 668, 673-74 (9th Cir. 2009). Accordingly, the defendant may not receive any relief under Section 1B1.10.

Based on the foregoing, IT IS HEREBY ORDERED that the defendant's motion is denied.

IT IS SO ORDERED.

Dated:  May 9, 2018

_____
SENIOR DISTRICT JUDGE

3